UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GABRIELA GARCIA CERVANTES #A204-653-273

VERSUS

WARDEN SOUTH LOUISIANA I C E
PROCESSING CENTER ET AL

CASE NO.  6:26-CV-00957 SEC P

JUDGE JAMES D. CAIN, JR.

MAGISTRATE JUDGE CAROL B.
WHITEHURST

## MEMORANDUM ORDER

Before the court is a Motion for Temporary Restraining Order [doc. 2] filed by immigration detainee Gabriela Garcia Cervantes, in connection with her pending petition for writ of habeas corpus. *See* doc. 1. Ms. Cervantes, a native of Mexico, argues that ICE detained her over four months ago, despite her lack of criminal history and her presence in this country since she was six years old, and has not provided her with an opportunity for a bond hearing. *Id.* She further argues that her detention and prospective deportation are causing severe and irreparable harm to her children, who are U.S. citizens and have not been detained. *See* doc. 2, pp. 1–2. Accordingly, she asks the court to order her immediate release or compel respondents to provide her with a bond hearing. *Id.*

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate **each** of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the

public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The petitioner's request for emergency relief shows no likelihood that she will prevail on the merits of her habeas petition. The length of her detention does not exceed the six-month threshold set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). And controlling authority provides that non-citizens found to be unlawfully in this country are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The undersigned will make no further inquiry into the merits of the petition at this point because courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate

relief he seeks."). Accordingly, **IT IS ORDERED** that the Motion for Temporary Restraining Order [doc. 2] be **DENIED**. The matter is referred to the magistrate judge for expedited review.

      **THUS DONE AND SIGNED** in Chambers on the 31st day of March, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**